

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-21-00352-CV

———————————————————

WALLY YAMMINE, Appellant

V.

NICOLE TAYLOR AND RICHARD TAYLOR, Appellees

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2019-001187-1

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In the trial court, the parties filed competing claims, each arguing that the other had breached a real estate contract.[1]  After a bench trial, the trial court found in favor of Appellees Nicole and Richard Taylor.[2]  The court awarded the Taylors $11,667.32 in damages, plus attorney's fees of $9,860.  Pro se Appellant Wally Yammine appeals, raising five sufficiency issues,[3] all of which he has waived.

As the appellant, Yammine bears the burden to bring forward a sufficient record to show the error committed by the trial court.  *Remigio v. Armenta*, No. 02-21-00298-CV, 2022 WL 2526943, at *2 (Tex. App.—Fort Worth July 7, 2022, no pet.) (mem. op.).  But here, Yammine did not request or make payment arrangements for a reporter's record.  *See* Tex. R. App. P. 35.3(b), 37.3(c).  Although we warned Yammine that his failure to bring forward a reporter's record would limit his appeal to issues that do not require a reporter's record, *see* Tex. R. App. P. 37.3(c), and although we

---

[1]Appellant Wally Yammine sued Appellees Nicole and Richard Taylor seeking specific performance of a real estate contract.  The Taylors counterclaimed for breach alleging that Yammine had failed to perform, and they also sought a declaratory judgment that the lis pendens filed by Yammine was invalid.

[2]The trial court found that Yammine had failed to physically appear at closing, that he had failed to tender the money called for by the contract, and that the Taylors had properly terminated the contract.

[3]Although in his brief Yammine does not specify the precise legal error or errors the trial court allegedly committed, he raises factual objections to five trial court findings, so we liberally construe his appellate issues as challenges to the sufficiency of the evidence to support the findings.  *See* Tex. R. App. P. 38.9.

granted Yammine an extension of time to make arrangements for the reporter's record, he still failed to obtain one. *See* Tex. R. App. P. 35.3(b). Accordingly, we notified Yammine that his appeal would be limited to issues that do not require a reporter's record for resolution. *See* Tex. R. App. P. 37.3(c).

When, as here, there is no reporter's record, "we must presume that any evidence presented to the trial court was sufficient to support the judgment." *Remigio*, 2022 WL 2526943, at \*2; *Duke v. Wilmington Sav. Fund Soc'y, FSB*, No. 02-19-00110-CV, 2019 WL 6768124, at \*3–4 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.) (similar). In other words, Yammine waived any challenges to the sufficiency of the evidence by failing to make arrangements for a reporter's record. *See Duke*, 2019 WL 6768124, at \*4 (holding that appellant's failure to obtain a reporter's record had waived argument that evidence required findings in her favor).

Yet the five issues Yammine raises on appeal all challenge the sufficiency of the evidence.[4] He alleges that the trial court erred by (1) finding that he failed to appear at

---

[4]The statement of facts section in Yammine's brief includes a plethora of other allegations regarding the trial court proceedings, including that "the Judge and the [Taylors'] attorney conspired together," that the judge and the Taylors "committed constructive fraud" by not correcting alleged errors in the property's legal description, that the Taylors' attorney interfered with Yammine's contract with the Taylors, that Yammine never received notice of the Taylors' counterclaims—contrary to the document's certificate of service—and that the judgment contains an incorrect appearance date, among other things. Although Yammine raised many of these allegations in the unverified motion to vacate the judgment that he filed with the trial court, he has not listed these as separate issues in his brief. Because these allegations either require a reporter's record for resolution or require new evidence, to the extent that Yammine's brief could be liberally construed to have raised the laundry list of

3

closing (2) finding that the Taylors properly terminated the contract, (3) finding that the Taylors appeared at closing and performed all of their obligations under the contract, (4) awarding the Taylors damages when they "refused to cooperate with closing," and (5) awarding the Taylors attorney's fees without adequate factual support for those fees. These are all challenges to factual determinations based on the evidence presented at trial, and we must presume that the absent reporter's record contains sufficient evidence to support the challenged factfindings. *See Remigio*, 2022 WL 2526943, at *2. Therefore, Yammine has waived all of his appellate issues.

Because Yammine has waived his complaints, we affirm the trial court's judgment.[5] *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: December 8, 2022

---

issues mentioned in his statement of facts, he has waived them. *See Wysinger v. Jordan*, No. 05-20-00713-CV, 2022 WL 263155, at *2 (Tex. App.—Dallas Jan. 28, 2022, no pet.) (mem. op.); *Duke*, 2019 WL 6768124, at *4.

[5]Having resolved the merits of the appeal, all pending motions are denied as moot.